**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 222.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* MEROS.

[Cite as *Disciplinary Counsel v. Meros*, 1998-Ohio-522.]

*Attorneys at law—Misconduct—Eighteen-month suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to preserve confidences of a client—Asserting a position or taking actions merely to harass or maliciously injure another—Practicing law in a jurisdiction where to do so would be in violation of regulations in that jurisdiction.*

(No. 98-712—Submitted June 10, 1998—Decided September 23, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-74.

_____

{¶ 1} On October 10, 1995, relator, Office of Disciplinary Counsel, filed a three-count complaint charging respondent, Thomas L. Meros of Cleveland, Ohio, Attorney Registration No. 0005345, with violating several Disciplinary Rules. After respondent filed an answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found with respect to count one that while his client, Layla Shaheen, was in prison, respondent settled her personal injury action for $16,000. Out of the proceeds respondent paid certain expenses of Shaheen and, according to Shaheen, made other distributions that she claimed were not authorized. Shaheen filed criminal charges against respondent for theft, but a grand jury declined to indict respondent. In August 1993, respondent signed cognovit notes in favor of Shaheen in the amount of $27,785, allegedly representing the settlement proceeds and other money the respondent owed to her. Shaheen brought an action on the promissory notes and obtained a judgment. Respondent then brought an action

against Shaheen, against the attorney who confessed judgment, and against several judges. The panel concluded that respondent's conduct violated DR 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct that adversely reflects upon his fitness to practice law), 4-101 (failing to preserve the confidences of a client), and 7-102(A)(1) (asserting a position or taking actions merely to harass or maliciously injure another).

{¶ 3} The panel found that relator failed to prove the allegations in count two. With respect to count three, the panel found that Patricia Lemley of West Virginia employed respondent to represent her in a civil rights action. Respondent prepared and signed a complaint captioned in the United States District Court for the Northern District of West Virginia and mailed it to Lemley to verify the facts stated therein. He told her not to file the complaint without a motion for him to appear *pro hac vice*. Lemley filed the complaint. Respondent then told Lemley that she would have to hire local counsel for him to work with because he was not licensed to practice in West Virginia. Lemley obtained an affidavit from a local attorney saying that because of the parties involved, no attorney in the county would agree to be local counsel. Respondent did not file the affidavit with a nonresident attorney statement as required, nor did he file a motion to appear *pro hac vice*. The complaint was ultimately dismissed. The panel concluded that respondent's conduct violated DR 3-101 (practicing law in a jurisdiction where to do so would be in violation of regulations in that jurisdiction).

{¶ 4} The panel recommended that respondent be suspended from the practice of law for eighteen months. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

2

*Ford L. Noble,* for respondent.

———————————

***Per Curiam.***

{¶ 5} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for eighteen months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., not participating.

———————————